IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-4035-CR-C-BCW |
| ) | |
| NALENZER LEE EDWARDS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is defendant Nalenzer Lee Edwards' motion to suppress. (Doc. 16). The Government has filed suggestions in opposition. (Doc. 20). A hearing was held on September 28, 2015. Supplemental suggestions in support of the motion were filed on October 22, 2015 (doc. 24), and reply suggestions filed by the Government on November 5, 2015 (doc. 25).

Defendant Edwards' motion asserts that the evidence seized by law enforcement was the direct result of Defendant's Fourth Amendment rights being violated.[1] Defendant Edwards specifically argues that the traffic stop conducted by Officer Gash of the Jefferson City Police Department lacked reasonable suspicion; that the arrest of the defendant Edwards made by Officer Gash lacked probable cause; and that the search of defendant Edwards' vehicle lacked probable cause. The Government asserts that defendant Edwards' claims are without merit. The Government asserts that based upon information from confidential informant #1 (CI#1), officers had probable cause to believe that Defendant was in possession of heroin at the time his vehicle was stopped by Officer Gash. Based on this probable cause, the Government asserts that Officer Gash was justified in stopping Defendant's car, placing him in custody, and searching his vehicle.

Defendant Edwards' supplemental filing in support of his motion to suppress asserts that a K-9's failure to alert to his vehicle cuts against any probable cause of the police to search his vehicle. Defendant Edwards further argues the information provided by CI#1 and CI#2 does not

---

[1] At the September 28, 2015 hearing, defense counsel made an oral motion to amend Edwards' motion to suppress to add suppression of statements. This motion was granted.

support probable cause. Defendant Edwards argues that CI#2 was not a reliable source. Defendant Edwards argues that the information provided by CI#1 did not rise to the level of probable cause. The Government in response asserts that CI#1 was a reliable informant and that the information provided was sufficiently specific and collaborated to support probable cause. The Government further asserts that the failure of the K-9 to alert did not dispel or dissipate the probable cause that law enforcement already had to search defendant Edwards' vehicle.

**Findings of Fact**

On June 10, 2015, Columbia Police Department (CPD) Detective Timothy Giger was contacted by a confidential informant (CI#1). Detective Giger had established a relationship with this confidential informant several months prior and the informant had proven to be reliable. Officer Giger testified that CI#1 had provided information that was proven to be accurate on several occasions. On June 10, 2015, CI#1 told Detective Giger that Nalenzer Lee Edwards was selling heroin in the Columbia, Missouri area. CI#1 further stated that Edwards would be traveling to a house in Jefferson City, Missouri later that day to meet with a black female named "Tasha," from whom Edwards purchased heroin. Later that day, Detective Giger and other officers conducted surveillance of Edwards who was staying at the Budget Host Hotel (aka The Travel Inn) in Columbia, Missouri. At approximately 3:15 p.m., Edwards exited the hotel and got into his silver Pontiac Bonneville. Edwards left the Budget Host Hotel/Travel Inn and traveled to Jefferson City, Missouri. Officers followed Edwards, who drove to 1521 Bald Hill Road in Jefferson City, Missouri, a residence occupied by Natasha Terrell. Edwards stayed at the residence for 30-45 minutes, and then drove back to Columbia, Missouri to his hotel.

Later that same night, members of the Mid Missouri MUSTANG drug task force conducted a trash pull from the residence at 1521 Bald Hill Road, and discovered a number of items associated with the sale of controlled substances, including cellophane baggies containing residue, Ziploc baggies, and large, air-sealed style bags. On June 13, 2015, MUSTANG task force officer (TFO) Detective Greg Bestgen with the Jefferson City Police Department (JCPD) obtained a state search warrant for 1521 Bald Hill Road, Jefferson City, Cole County, Missouri.

On June 17, 2015, CI#1 again contacted Detective Giger to report that Nalenzer Edwards would be traveling from Columbia to 1521 Bald Hill Road in Jefferson City that day to drop off money and pick up approximately an ounce of heroine, and then travel back to Columbia. Detective Giger contacted Jefferson City Police Department (JCPD) and the DEA. Detective

Giger advised that there was a subject coming from Columbia to Jefferson City to get heroine, and that that subject would be driving a silver Pontiac Bonneville.

At approximately 3:00 p.m. Detective Giger began surveillance at the Budget Host Hotel/Travel Inn. Detective Giger viewed Edwards exit a room at the hotel and get into his silver Pontiac Bonneville. At approximately 3:34 p.m. Edwards left the hotel and was followed to Jefferson City, Missouri. At approximately 4:13 p.m. Edwards arrived at 1521 Bald Hill Road and entered the residence. At approximately 4:44 p.m., a woman arrived at the residence and parked inside the garage. Approximately nine minutes later, Edwards exited the residence, got into his vehicle and left the residence in his silver Pontiac Bonneville.

When Edwards left the residence, Detective Giger contacted JCPD Officer Gash, who Giger had contacted earlier to assist with the investigation, and requested that he conduct a traffic stop of Edwards' vehicle. Detective Giger advised Officer Gash that Edwards had just left the residence on Bald Hill Road and was believed to have just conducted a drug deal and was in possession of heroin. Officer Gash was directed to take Edwards into custody upon contact. Officer Gash intercepted the silver Pontiac Bonneville at the intersection of Clark Avenue and U.S. Highway 50 in Jefferson City. Officer Gash followed the Bonneville until there was sufficient shoulder along the roadway to make a safe traffic stop. Officer Gash activated his lights to stop the Bonneville near Monroe Street and Highway 50, but the vehicle pulled over to the left side of the highway near the highway divider. Officer Gash contacted Edwards, and asked him to step from the car. Edwards complied and was taken into custody and placed in the back of another patrol vehicle driven by officers assisting. Officer Gash sought permission to move the vehicle because it was posing a traffic hazard and also requested consent to search the vehicle to which Edwards said no. Officer Gash then ran his drug canine around the exterior of the Bonneville. The dog did not alert to the odor of narcotics. JCPD Officer Gash then contacted Detective Bestgen, of JCPD MUSTANG, who was working in collaboration with the other officers, including Detective Giger, to inquire what he wanted to do next with regard to the stop of Edwards' vehicle.

When Officer Gash contacted Detective Bestgen, Detective Bestgen was on location at the residence at 1521 Bald Hill Road executing the search warrant that had been obtained for that residence. The search warrant was executed immediately upon Edwards leaving the residence at 1521 Bald Hill Road. Detective Bestgen advised Officer Gash to search Edwards' vehicle,

3

stating that the officers did have probable cause to believe that Edwards was in possession of illegal drugs, specifically that Edwards had heroin in his vehicle. Detective Bestgen also relayed to Officer Gash that there was a confidential informant at his location, CI#2, who confirmed to Detective Bestgen that when Edwards left the residence he was in possession of heroin. CI#2 stated that he/she personally knew that Edwards had 20 grams of heroin with him when he left the residence at 1521 Bald Hill Road.

When Officer Gash searched Edwards' vehicle, he noticed that the instrument panel was loose, and looked like it had been removed several times. Officer Gash removed the cover and inside this panel found bags of heroine. Four bags containing heroin were located in Edwards' vehicle. The execution of the search warrant at 1521 Bald Hill Road resulted in controlled substances being found, including heroin and crack cocaine, as well as approximately $7,000 in cash, and a quantity of unknown pills.

## Discussion

In his motion to suppress evidence and statements, defendant Edwards claims that his Fourth Amendment rights were violated. Edwards asserts he was unlawfully detained, when Officer Gash stopped his vehicle in that Officer Gash did not have reasonable suspicion to justify an investigative detention. He further asserts that Officer Gash did not have probable cause to arrest him or to search his vehicle. Upon review of the evidence, the Court finds that Edwards' claims that his Fourth Amendment rights were violated to be without merit. Under the totality of circumstances, as discussed below, officers were justified and reasonable in believing that Edwards was in possession of heroin at the time Officer Gash initiated the stop of Edwards' vehicle. The evidence supports that the law enforcement officers not only had reasonable suspicion to detain Edwards, but had probable cause to stop Edwards' vehicle, arrest Edwards, and search Edwards' vehicle.

"Probable cause to make a warrantless arrest exists when, considering all the circumstances, police have trustworthy information that would lead a prudent person to believe that the suspect has committed or is committing a crime." United States v. Parish, 606 F.3d 480, 486 (8th Cir. 2010). In making this determination "[l]aw enforcement officers have substantial latitude in interpreting and drawing inferences from factual circumstances." United States v. Washington, 109 F.3d 459, 465 (8th Cir. 1997). "Because probable cause requires only a probability or substantial chance of criminal activity, rather than an actual showing of criminal

4

activity, the police need not have amassed enough evidence to justify a conviction prior to making a warrantless arrest." United States v. Mendoza, 421 F.3d 663, 667 (8th Cir. 2005).

Information obtained from a confidential informant may provide probable cause to make an arrest. "When an informant has provided reliable information in the past or where his tip was independently corroborated, a court may deem the informant's tip sufficiently reliable to support a probable cause determination." United States v. Caswell, 436 F.3d 894, 898 (8th Cir. 2006). "An informant may [also] establish the reliability of his information by establishing a track record of providing accurate information." United States v. Brown, 49 F.3d 1346, 1349 (8th Cir. 1995). However, if an informant is otherwise unknown to police and has no proven track record of reliability, police may deem an informant credible and make a finding of probable cause when an informant's information is at least partly corroborated. Id. An informant may also prove himself to be a reliable source for law enforcement by providing predictive information about a meeting time or place. Id. (informant's prediction that defendant would arrive at a particular location increased probability that other information previously provided by informant was also correct); United States v. Taylor, 106 F.3d 801, 803 (8th Cir. 1997) (confidential informant with a criminal record whose reliability was otherwise unknown to police established reliability by correctly predicting date and location of drug transactions).

In this case, it was a confidential informant, CI#1, that provided information leading to the probable cause supporting Officer Gash's June 17, 2015 stop of Edwards' vehicle, Edwards' arrest, and the search of Edwards' vehicle. The information provided by CI#1, and corroborated by the actions of law enforcement, gave Officer Gash a reasonable belief that Edwards was in possession of heroin at the time he stopped Edwards' silver Pontiac Bonneville in Jefferson City, Missouri on June 17, 2015.

On June 10, 2015, CI#1 told Detective Giger that Edwards was involved in drug trafficking, specifically heroin, and that Edwards would be traveling from Columbia, Missouri to Jefferson City, Missouri that day to provide "Tasha" with money related to such trafficking. CI#1 told Detective Giger that Edwards was buying heroin in Jefferson City from a female, identified as "Tasha." Based on this information, officers located Edwards at his hotel in Columbia, Missouri and followed him as he drove in his silver Pontiac Bonneville to a residence in Jefferson City at 1521 Bald Hill Road. Officers confirmed that a female named Natasha Terrell lived at the address 1521 Bald Hill Road. Edwards entered the residence at 1521 Bald

5

Hill Road, and exited 30-40 minutes later. Officers then followed Edwards back to his hotel in Columbia. On this same date, a trash pull from 1521 Bald Hill Road was conducted by MUSTANG, which resulted in the recovery of drug paraphernalia consistent with drug trafficking.

On June 17, 2015, CI#1 again advised Detective Giger that Edwards was traveling that day from Columbia to "Tasha's" house in Jefferson City to drop off money and acquire an ounce of heroine. Officers again followed Edwards, who was again driving the silver Pontiac Bonneville, from his hotel in Columbia to Natasha Terrell's residence in Jefferson City, where Edwards exited his car and entered the residence. Subsequently a woman was seen entering the residence. Approximately nine minutes after the woman arrived, Edwards left the residence.

The evidence shows that the information provided by CI#1 to law enforcement was reliable and was further corroborated by law enforcement. CI#1 had been determined by law enforcement, specifically Detective Giger, to be a reliable informant. CI#1 had provided information in the past to law enforcement and that information had been determined to be accurate, and therefore, had an established track record of reliability. United States v. Brown, 49 F.3d 1346, 1349 (8th Cir. 1995) (An informant may establish reliability of his information by establishing a track record of providing accurate information). Additionally, CI#1 gave predictive information as to Edwards' location, travel days and times between Columbia and Jefferson City, and identified a female named "Tasha" with whom Edwards was going to meet to pay money in order to obtain heroin. CI#1's information was corroborated by Detective Giger's surveillance of Edwards and by information obtained confirming that Natasha Terrell was the resident of 1521 Bald Hill Road and by the trash pull at Natasha Terrell's residence which found evidence of drug trafficking.

Based on the totality of these circumstances, officers were justified in reasonably believing that Edwards was in possession of heroin, and likewise had heroin in his vehicle, at the time he left Natasha Terrell's residence, 1521 Bald Hill Road, on June 17, 2015. Officer Gash had probable cause to stop Edwards's vehicle, arrest Edwards, and search Edwards' vehicle. See United States v. Marchena-Borjas, 209 F.3d 698 (8th Cir. 2000) ("The historical reliability of the confidential informant, his provision of descriptive information not easily discoverable, and the independent corroboration of his information by investigating officers, together established probable cause for the [defendant's arrest] … [and] create[d] with equal force probable cause to

6

believe that the [vehicle] contained methamphetamine."). See also United States v. Hambrick, 630 F.3d 742 (8th Cir. 2011) (information obtained from a reliable informant who successfully predicted the actions of the defendant was sufficient to provide probable cause to search the defendant's vehicle "because the officer believed a fair probability existed that drugs would be found in the vehicle."); United States v. Rodriquez, 414 F.3d 837, 843 (8th Cir. 2005) (holding that probable cause was established in part by defendant's arrival at scheduled place and time for controlled buy).

The fact that Officer Gash personally was not aware of all the circumstances of the case when he stopped Edwards' vehicle, arrested Edwards, and searched Edwards' vehicle, does not change that fact that there was probable cause to believe there were illegal drugs in Edwards' vehicle. Probable cause may be based on collective knowledge of all officers involved in the investigation and need not be based solely on the information within the knowledge of the officer on the scene, if there is some degree of communication. See United States v. Morales, 238 F.3d 952, 954 (8th Cir. 2001). In this case, Officer Gash was in communication with the officers who were investigating the case, specifically Detectives Giger and Bestgen. These officers informed Officer Gash that Edwards was the subject of an investigation and that the officers had probable cause to believe that Edwards was in possession of heroin. As a consequence, Officer Gash had probable cause to stop Edwards' vehicle, place Edwards in custody and search his vehicle.

Edwards' assertion that the K-9's failure to alert to his vehicle cuts against any probable cause that Officer Gash had, is without merit. Edwards misconstrues the holding of United States v. Jacobs, 986 F.2d 1231 (8th Cir. 1993). In Jacobs, officers obtained a search warrant to search a Federal Express package for drugs. In the search warrant application, officers stated that a drug canine had expressed interest in a package, but failed to note that the dog failed to alert to the package. The Court of Appeals held that the omission of information relating to failure of the dog to alert rendered the search warrant affidavit misleading in violation of Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Id. at 1234-35.

In United States v. Lakoskey, 462 F.3d 965 (8th Cir. 2006), the Defendant claimed that the failure of a drug canine to alert on a package dispelled any reasonable suspicion possessed by Postal Inspectors, which caused them to remove a parcel from the mail-stream. The Court of Appeals rejected this argument and, citing the district court's finding, stated:

7

> While a positive alert to a package, by a police canine, may alone be sufficient to establish probable cause to search the package, see, <u>United States v. Sun[d]by</u>, 186 F.3d 873, 876 (8th Cir. 1999), the Defendant cites to no authority, nor did our independent inquiry reveal any, for the opposite proposition – namely, that a negative alert dissipates any reasonable suspicion where, as here, several articulable factors supported Nichols['s] assessment that a reasonable suspicion existed to subject the package to a dog sniff in her presence.

Id. at 976-77.

Similarly in this case, there is no authority for the proposition that a drug canine's negative alert dissipates probable cause otherwise possessed by the arresting officer. The officers in this case had probable cause, based on the totality of circumstances as articulated above, to believe Edwards was in possession of heroin. The fact that the canine did not alert when he was walked around the exterior of Edwards' vehicle did not negate the probable cause held by the officers.

Edwards' assertion the second confidential informant in this case, CI#2, was not reliable is inconsequential to this Court's finding of probable cause to support Officer Gash's stop of Edwards' vehicle, arrest of Edwards, and search of Edwards' vehicle. There has never been an assertion by law enforcement in this case that CI#2 was reliable. Investigating officers in this case already had probable cause to believe Edwards had illegal drugs, namely heroin, in his vehicle when he left 1521 Bald Hill Road prior to any statements by CI#2. While CI#2 is reported to have confirmed to Detective Bestgen that Edwards had just left the residence at 1521 Bald Hill Road with heroin, this was not new information to Detective Bestgen. Detective Bestgen working in conjunction with other law enforcement officers in the investigation, including Detective Giger already had probable cause to believe that Edwards left the residence at 1521 Bald Hill Road in his silver Pontiac Bonneville with the heroin he had just purchased. As set forth in detail above, the investigating officers in this case already had information from a reliable informant, whose predictions were proven true and whose information was corroborated by law enforcement that provided the officers with probable cause to believe Edwards was in possession of illegal drugs, specifically heroin, when he left the residence at 1521 Bald Hill Road on June 17, 2015. The statement to law enforcement by CI#2 immediately following Edwards' departure from the residence at 1521 Bald Hill Road was merely cumulative information that further corroborated of the information provided by CI#1.

**Conclusion**

Officer Gash had probable cause to stop Edwards' vehicle, arrest Edwards and search Edwards' vehicle. Edwards' Fourth Amendment rights were not violated. Accordingly,

IT IS RECOMMENDED that Edwards' motion to suppress evidence and statements be denied. [16].

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 28th day of January, 2016, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge